MORRIS JOE DIMSDALE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dimsdale v. Commissioner
Docket No. 7605-86.
United States Tax Court
T.C. Memo 1987-53; 1987 Tax Ct. Memo LEXIS 214; 52 T.C.M. (CCH) 1506; T.C.M. (RIA) 87053; January 22, 1987. *214 Held, the affirmative allegations in R's answer were deemed admitted under Rule 37(c), Tax Court Rules of Practice and Procedure. Such allegations deemed admitted are sufficient to sustain deficiencies for the taxable years 1976 and 1977 against petitioner. Heldfurther, the allegations deemed admitted are sufficient to satisfy R's burden of proving fraud under sec. 6653(b) with respect to the taxable years 1976 and 1977. Doncaster v. Commissioner,77 T.C. 334 (1981), followed. Morris Joe Dimsdale, pro se. Richard Goldman and Helen C. T. Smith, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos for the purpose of hearing, consideration, and ruling on respondent's Motion for Judgment on the Pleadings, filed herein. [1] *215 After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings filed on October 14, 1986, pursuant to Rule 120, Tax Court Rules of Practice and Procedure.
In his notice of deficiency, respondent determined deficiencies and additions to tax for the taxable years 1976 and 1977 as follows: Additions to tax
Year
Income Tax
under section 6653(b)
1976
$4,936.69
$2,468.35
1977
$9,160.38
$4,580.19
The adjustments in the notice of deficiency are as follows: Adjustments to Income
1976
1977
Interest
$ 2.58 $ 3.58 Rental Income
1,200.00 1,620.00 Rental Depreciation Expense
(666.66)
(666.66)
Net Profit from Business
21,889.72 28,673.17 Deduction of IRA
(401.28)
IRA Recovery
1,775.58 Total Adjustments
$22,024.36 $31,405.67 The basis for respondent's determination of net profit from business for 1976 was by use of the bank deposits method. For 1977, respondent utilized third party sources to reconstruct income. At the time of filing his petition herein, petitioner resided at Laurel, Mississippi. PROCEDURAL BACKGROUND After issuance of the notice of deficiency on December 17, 1985, a timely petition *216 was filed on March 20, 1986. [2] In his Answer, filed May 27, 1986, respondent makes affirmative allegations with respect to the addition to tax under section 6653(b) for the taxable years 1976 and 1977. No reply having been filed, respondent's Motion for Entry of Order that Undenied Allegations in Answer Be Deemed Admitted was filed on August 12, 1986. [3] *217 On August 14, 1986, petitioner was served with a Notice of Filing Motion for Order Under Rule 37 and petitioner was given until September 4, 1986 to file a reply. The notice further indicated that "If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer." No reply was filed and, accordingly, the Court on September 12, 1986 ordered that the affirmative allegations of fact set forth in paragraphs 6(a) through 6(an) of respondent's Answer were deemed admitted for purposes of this case. On October 14, 1986, respondent's Motion for Judgment on the Pleadings was filed. [4] By notice dated October 27, 1986, petitioner was advised that a hearing on respondent's motion was scheduled for December 10, 1986 at the Motions Session of the Court in Washington, D.C. Petitioner was further advised of the provisions of Rule 50(c) allowing for the submission of a written statement in lieu of, or in addition to attendance at the hearing. This matter was called for hearing at the Motions Session of the Court held in Washington, D.C. on December 10, 1986. Counsel for respondent appeared and presented argument in support of his motion. No appearance was made by or on behalf of petitioner, nor were any documents submitted pursuant to the provisions of Rule 50(c). The following findings of fact are based upon the record including allegations in respondent's Answer, which have been deemed admitted by our September 12, 1986 Order. FINDINGS OF FACT *218 Petitioner is a Doctor of Chiropractic Medicine. During the taxable years 1976 and 1977, petitioner practiced medicine in Columbus, North Carolina and in Spindale, North Carolina. During the taxable years in issue, petitioner earned taxable income from his chiropractic practice and from rental properties. Petitioner failed to maintain or submit for examination by respondent, complete and adequate books of account and records of his income-producing activities. As a result of petitioner's failure to keep adequate books of account and records, and the refusal to furnish respondent such records, respondent determined petitioner's correct adjusted gross income for the taxable year 1976 on the basis of the bank deposits method of reconstructing income. During the taxable year 1976, petitioner's deposits into his bank accounts were as follows: Independence National Bank
$10,370.00
Northwestern Bank
4,260.00
North Carolina National Bank
43,868.35
Universal Church of Freedom
1,000.00
Total Bank Deposits
$59,498.35
Less: Reduction for
Nontaxable Sources
28,365.30
Net Taxable Deposits
$31,133.05
During the taxable year 1977, petitioner conducted most of his financial transactions in cash. On financial *219 statements submitted to the Northwestern Bank of North Carolina and to the North Carolina National Bank, petitioner stated that he earned $44,000 in 1977. Petitioner's adjusted gross income and adjustments thereto for the taxable year 1977 is set forth as follows: Total earnings from chiropractic medicine
$44,000.00
Less: Business expenses
15,326.83
Net profit
$28,673.17
Plus: Interest income
3.58
Rental income
1,620.00
Individual Retirement Account
withdrawal
1,775.58
Less: Rental depreciation expense
666.66
Unreported adjusted gross income
$31,405.67
During the taxable years 1976 and 1977, petitioner did not receive any nontaxable or excludable income, receipts, cash or other assets, inheritances, gifts, legacies or devises other than that accounted for in the aforementioned schedules. For the taxable year 1970 through 1975, petitioner filed with respondent valid Federal income tax returns reporting taxable income. In 1977, petitioner filed with respondent a 28 page document purporting to be a Federal income tax return for the taxable year 1976. In 1978, petitioner filed with respondent a 15 page document purporting to be a Federal income tax return for the taxable year 1977. In both of the documents, *220 petitioner reported that he earned no taxable income and that he owed no Federal income tax for the taxable years in issue. Attached to the purported tax returns were numerous pages of "protester type" materials. On March 1, 1982, petitioner was convicted of willfully and knowingly failing to make and file Federal income tax returns for the taxable years 1976 and 1977 under the provisions of section 7203. The conviction was affirmed by the United States Court of Appeals for the Fourth Circuit. Petitioner's failure to maintain complete and accurate records of his income-producing activities and his failure to produce complete and accurate records to respondent in connection with the examination of his income tax returns for the taxable years 1976 and 1977 was fraudulent with the intent to evade tax. Petitioner's practice of conducting financial transactions in cash during 1977 was fraudulent with the intent to evade tax. Petitioner's refusal to cooperate with agents of respondent with respect to the examination of his 1976 and 1977 Federal income tax returns was fraudulent with the intent to evade tax. Petitioner's failure to have withholding or make estimated tax payments from his *221 earnings for the years in issue was fraudulent with the intent to evade tax. Petitioner's filing of fraudulent "protester type" documents for the years in issue was with the intent to evade tax. Petitioner, fraudulently and with the intent to evade tax, failed to report income in the amounts of $22,024.36 and $31,405.67 for the taxable years 1976 and 1977, respectively. Petitioner's correct tax liability, the tax shown on his purported returns and understatement of tax are as follows: 1976
1977
Corrected tax liability
$3,727.99
$7,679.32
Add: Self-employment tax
1,208.70
1,303.50
Penalty for IRA distribution
177.56
Total corrected liability
4,936.69
9,160.38
Less: Tax shown on purported return
Understatement of tax
$4,936.69
$9,160.38
A part of the underpayment of tax required to be shown on petitioner's Federal income tax returns for the taxable years 1976 and 1977 is due to fraud. OPINION Rule 120 provides that after the pleadings are closed, and within such time as not to delay the trial, any party may move for a judgment on the pleadings. A motion for judgment on the pleadings is appropriate only where the pleadings do not raise a genuine issue of material fact, but rather involve issues of law. *222 Thus, respondent's motion is to be granted, only if, on the admitted facts, the moving party is entitled to a decision as a matter of law. Anthony v. Commissioner,66 T.C. 367 (1976). The factual allegations in the answer respecting respondent's determination of a deficiency in income tax for the taxable years 1976 and 1977 have been deemed admitted by our Order dated September 12, 1986. Accordingly, we conclude that there is no genuine issue of material fact with respect to the deficiency determination. Respondent is entitled to a judgment respecting that determination as a matter of law. [5]
With respect to the additions to tax under section 6653(b) the burden of proof is on respondent to prove by clear and convincing evidence that an underpayment exists and that a part of the underpayment of tax is due to fraud with the intent to evade tax. Section 7454(a); Rule 142(b); Grosshandler v. Commissioner,75 T.C. 1 (1980); Stratton v. Commissioner,54 T.C. 255 (1970). We have previously determined that respondent's burden can be *223 satisfied through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981) (a Court reviewed opinion).[6] The material factual allegations in the answer with respect to fraud which have been deemed admitted clearly and convincingly establish that for the taxable years 1976 and 1977 an underpayment of tax exists and part of the underpayment is due to fraud with the intent to evade tax. Since there is no genuine issue as to any material fact present in the record, respondent is entitled to a decision as a matter of law. Respondent's Motion for Judgment on the Pleadings will be granted. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.
2. The envelope in which the petition was contained reflects a mailing date of March 17, 1986. ↩
3. According to the certificate of service attached to the motion, counsel for respondent certified that a copy of the motion was served on petitioner at P.O. Box 4268, Laurel, Mississippi 39441 on August 8, 1986.
4. According to the certificate of service attached to the motion, counsel for respondent certified that a copy of the motion was served on petitioner on October 10, 1986.↩
5. There is ample support for use of a reconstruction of income. Holland v. United States,348 U.S. 121 (1954); Bedeian v. Commissioner,54 T.C. 295↩ (1970).
6. See also Marshall v. Commissioner,85 T.C. 267 (1985); Ricotta v. Commissioner,T.C. Memo. 1986-508; Twist v. Commissioner,T.C. Memo. 1986-497; Siravo v. Commissioner,T.C. Memo. 1986-482; Jackson v. Commissioner,T.C. Memo. 1986-15↩ (see especially cases cited at n. 8 therein).